UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OMNICARE, INC.,

                Movant / Cross-Respondent,          20-mc-734 (PKC)

      -against-                                   ORDER

STRATEGIC DELIVERY SOLUTIONS, LLC,

                Respondent / Cross-Movant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Omnicare moves to compel compliance by Strategic Delivery Solutions ("SDS") with a subpoena duces tecum. (Doc 4.) SDS objects to the subpoena and has filed a motion to quash it. (Doc 9.) The subpoena stems from a Fair Labor Standards Act ("FLSA") litigation in the Southern District of West Virginia challenging the independent-contractor classification of Omnicare delivery drivers. Hager v. Omnicare, Inc., 19-cv-484 (S.D. W. Va.) (Volk, J). SDS is not a party to that action. For the reasons explained, Omnicare's motion to compel will be granted, and SDS's motion to quash will be denied.

        Judge Volk has conditionally certified a collective action of "[a]ll current and former delivery drivers classified as independent contractors who delivered pharmaceutical products for Omnicare. . . ." (Doc 5 – Ex. A at 32.) The Judge ordered Omnicare to produce "the full names, last known mailing addresses, email addresses, and the dates of employment of the putative class members . . . that [Omnicare] contracted with during the claims period. . . ." (Id. at 32–33.) As for drivers that were employees of an Omnicare subcontractor, Judge Volk wrote that Omnicare "could easily obtain such information by simply contacting the subcontractor." (Id. at 28.) Pursuant to this Order, Omnicare asked SDS, one of its delivery

subcontractors, for the information.  When SDS refused, Omnicare issued the subpoena.  The subpoena sets a location for compliance within the Southern District of New York.  (Doc 5 – Ex. C.)  s

"[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds."  <u>In re Subpoena Issued to Dennis Friedman</u>, 350 F.3d 65, 69 (2d Cir. 2003).  A court may limit "the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Rule 26(b)(2)(C), Fed. R. Civ. P.  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45(d)(1), Fed. R. Civ. P.  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Rule 45(d)(3)(A), Fed. R. Civ. P.

The subpoena consists of three requests tracking Judge Volk's Order.  Omnicare has asked for documents identifying the names, email addresses, driver identification numbers, and dates of employment of all SDS drivers classified as independent contractors who delivered products for Omnicare during the relevant time period.  They also ask for the same documents for any subcontracted drivers, as well as documents to identify the entities SDS may have subcontracted with to provide Omnicare delivery.  (Doc 5 – Ex. C.)

SDS objected and filed a motion to quash the subpoena on two grounds.  First, SDS argues that the subpoena imposes an undue burden because it interferes with the employment contracts between SDS and its drivers.  Of the approximately 974 drivers whose

2

documents SDS has indicated may be responsive to the subpoena, 850 signed binding arbitration agreements to arbitrate any dispute arising out of employment with SDS. (Doc 11 at 8.) SDS argues that producing the relevant documents to Omnicare will cause notices of the FLSA collective action to be sent to the drivers, leading them to attempt to join the litigation on the belief that their arbitration clauses are now void.

SDS's objection is misplaced. Under Rule 45, Fed. R. Civ. P., parties may obtain discovery from nonparties, so long as "the information [is] relevant to the claims and defenses and proportional to the needs of the case." Ambac Assurance Corp. v. U.S. Bank Nat'l Assoc., No. 17-cv-2614, 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020). The documents sought by Omnicare are relevant to the FLSA litigation and align with Judge Volk's Order. SDS does not adequately explain why it faces an undue burden in complying with Omnicare's subpoena simply because of SDS's arbitration agreement with the drivers. While immaterial to subpoena enforcement, Omnicare has indicated that it plans to vigorously advocate for the applicability and validity of the arbitration agreement. But the applicability and validity of the arbitration agreement is a question for Judge Volk. This Court need only decide if Omnicare's subpoena seeks relevant information and is not overbroad or burdensome in violation of Rule 26, Fed. R. Civ. P.[1] It is not.

SDS also argues that the third item of the subpoena is redundant when read with the first item. (Doc 11 at 18.) It is not. As Omnicare has made clear, the first item asks for documents pertaining to the known current and former SDS drivers classified as independent contractors (either by SDS or by a subcontracted entity). The third item asks for documents

---

[1] SDS also briefly argues that the subpoena is unduly burdensome because it requires them to produce "valuable business data whose disclosure . . . will likely damage SDS's business." (Doc 11 at 17.) But Judge Volk has entered a Protective Order concerning any plaintiff or third party's use of the produced information that assuages these concerns. (Doc. 5 – Ex. F.)

3

pertaining to the identity of the subcontracted entities, so that Omnicare is aware of their existence and can ensure that they have all driver information, including drivers that SDS may not be aware of. Omnicare is trying to fully comply with Judge Volk's order. Compliance with this subpoena raises none of the burden or cost issues contemplated by Rule 26.

For these reasons, Omnicare's motion to compel SDS's compliance with the subpoena is GRANTED. SDS's motion to quash and its application for fees are DENIED. The Clerk is directed to terminate the motions (Docs 4, 9).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 1, 2021